UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARTHA BERTRAND** | **CASE NO. 6:24-CV-01632** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

Before the court is an application for attorney fees filed by appellant Martha Bertrand pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Doc. 10). The motion is unopposed. (*See*, Rec. Doc. 12).

The appellant filed an application for disability insurance benefits on June 21, 2021. (Rec. Doc. 1 at ¶ 6). After the application was denied initially, she requested a hearing before an Administrative Law Judge. (*Id.* at ¶ 10). The appellant's request for hearing was granted and Administrative Law Judge Lawrence Ragona conducted the hearing on March 12, 2024. (Id. at ¶ 11). Following that hearing, the Administrative Law Judge issued an unfavorable ruling on April 17, 2024. (*Id.* at ¶12). The appellant's request for review was denied by the Appeals Council on September 27, 2024. (*Id.* at ¶ 14). The appellant filed a federal appeal of the ALJ's decision in this court on December 2, 2024. (*Id.*, generally). The appellant timely filed her brief on April 2, 2025. (Rec. Doc. 7). On May 2, 2025, the Commissioner filed a Motion for Entry of Judgment with Remand, in which the Commissioner sought a judgment reversing and remanding this appeal pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Rec. Doc. 8). On May 7, 2025, the Court granted the Commissioner's motion, thereby reversing and remanding this matter. (Rec. Doc. 9). This application for attorneys' fees

1

followed. (Rec. Doc. 10).

The appellant seeks a total of $8,761.84 in fees at the rate of $240.71 per hour for 36.4 hours, as well as reimbursement of court costs in the amount of $405.00. (Rec. Doc. 10-5 at p. 2). In support of this request, the appellant's counsel, Jacqueline Becker, submitted an itemized attorney time sheet and detailed list of costs. (Rec. Doc. 10-1). The Commissioner does not oppose the award sought by the appellant. (*See*, Rec. Doc. 12).

## Guidelines for Attorney Fees and Expense Calculation

The EAJA provides that "a court shall award to a prevailing party… fees and other expenses… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Breaux v. United States Dep't of Health & Human Servs.*, 20 F.3d 1324 (5th Cir. 1994). Since Bertrand is a prevailing party within the meaning of the Act, and the Commissioner does not oppose an award of fees, I find that an award of fees is appropriate.

## Reasonable Hourly Rate

The hourly rate at which an attorney fee award under the EAJA may be calculated is determined "according to prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). Where the prevailing market rate exceeds the $125.00 statutory cap, the court must examine whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher rate." 28 U.S.C. 2412(d)(2)(A)(ii).

In *Carr v. Kijakazi*, 2023 WL 3168676 (W.D. La. Apr. 13, 2023), adopted by, 2023 WL 3168343 (W.D. La. Apr. 28, 2023), this Court reconsidered the prevailing market rate for social security fee awards under the EAJA. The Court found an hourly rate of $200.00 was reasonable based on increases in cost of living since its last examination of the issue in 2016, wherein it set the prevailing rate of $175.00 per hour. 2023 WL 3168676 at *3 (citing *Montgomery v. Colvin*, 2016 WL 4705730 (W.D. La. Aug. 16, 2016), adopted by, 2016 WL 4705573 (W.D. La. Sept. 8, 2016).

The appellant cites consumer price index data for the Southeast region from the U.S. Bureau of Labor Statistics. (Rec. Doc. 10-5 at p. 2). According to the Bureau's website, Louisiana is included in the Southwest region. https://www.bls.gov/regions/southwest/ To the extent that the Bureau's CPI data is a reasonable basis for calculation of an hourly rate, the data offered by the appellant is not relevant to the Lafayette, Louisiana legal services market. Considering the relatively recent findings in Carr, this Court will apply the hourly rate of $200.00 in this matter.

## Reasonable Hours Expended

The Commissioner does not oppose the number of hours claimed by the appellant's attorney. Furthermore, the undersigned concludes that 36.4 hours is a reasonable amount of time to expend on this type of case.

## *Johnson* Analysis

Having determined the lodestar by establishing the prevailing market rate and hours reasonably expended, the next step requires the Court to analyze the twelve factors set forth in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The lodestar is presumptively reasonable and

3

should be modified only in exceptional cases. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)). In this case, the lodestar is $200.00 x 36.4, or $7,280.00.

Under *Johnson*, courts should consider the impact of the following factors on the lodestar:

    (1)    the time and labor required,

    (2)    the novelty and difficulty of the question,

    (3)    the skill required of the attorney,

    (4)    the preclusion of other work,

    (5)    the customary fee,

    (6)    whether the fee is fixed or contingent,

    (7)    time limitations imposed,

    (8)    the amount involved and result obtained,

    (9)    the experience, reputation, and ability of the attorney,

    (10)    the "undesirability" of the case,

    (11)    the nature and length of the professional relationship with the client, and

    (12)    awards in similar cases.

*Johnson*, *supra*, at 718–19.

Factors 1, 3, 8, 9, and 12 are reflected in the lodestar. *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761 (5th Cir. 1996) (cautioning against double-counting Johnson factors already represented by the lodestar). No evidence before this Court indicates that an adjustment of the lodestar under factors 2, 4, 5, 6, 7, 10, or 11 is warranted in this case.

For the foregoing reasons,

**IT IS ORDERED** that the appellant's Application for Attorney's Fees, Costs, and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412, (Rec. Doc. 10) is GRANTED in part, such that the sum of $7,280.00, representing attorney fees calculated at the rate of $200.00 per hour for 36.4 hours, shall be paid directly to the appellant, Martha Bertrand, and costs in the amount of $405.00 shall be paid directly to the appellant's attorney, Jacqueline Becker. To the extent that the appellant's motion seeks an attorney fee award in excess of the lodestar as calculated herein, the motion is DENIED.

The Commissioner of the Social Security Administration shall forward a check payable to Martha Bertrand in the amount of $7,280.00 pursuant to 28 U.S.C. '2412(d)(1)(A) within 45 days of this date. The Department of Justice shall forward a separate payment of costs from the Judgment Fund in the amount of $405.00 to the appellant's attorney, Jacqueline Becker, pursuant to 31 U.S.C. § 1304.

SO ORDERED this 23rd day of September, 2025, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**