**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **MARTHA BERTRAND** | **CASE NO.  6:24-CV-01632** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING AND ORDER**

Now pending before this Court is a MOTION FOR APPROVAL OF ATTORNEYS' FEES PURSUANT TO 42 U.S.C.A. § 406(B) filed Jacqueline K. Becker in her capacity as counsel for Claimant Martha Bertrand.  [Doc. 14].  The Commissioner of Social Security responded to the motion.  [Rec. Doc. 16].  For the following reasons, the motion is GRANTED.

**Background**

Becker represented Bertrand in asserting a claim for Social Security disability benefits.  Administrative proceedings before the agency resulted in an adverse ruling from the Commissioner.  Becker filed the instant suit seeking reversal of the adverse ruling.  [Rec. Doc. 1].  Becker's efforts were successful and by judgment issued May 7, 2025, the Court reversed the Commissioner's unfavorable ruling and remanded the matter for further proceedings.  [Rec. Doc. 9].  A new hearing was held on March 3, 2026, following which a Notice of Favorable Decision was issued to Bertrand.  [Doc. 14 at ¶ 4].  A Notice of Award was issued on May 19, 2026, advising that Bertrand was entitled to past due benefits in the amount of $97,491.90, representing benefits which should have been paid from June of 2020.  [*Id.* at ¶ 5; Doc. 14-2 at p. 4].  $24,372.98 was withheld from the award for attorneys' fees pursuant to the approved fee agreement between Becker and Bertrand.  [*Id.*].  Bertrand was

1

paid $9,200.00 out of those withheld funds at that time, resulting in $15,172.98 in remaining withheld attorney fees.  [Doc. 14-2 at p. 4].

Becker filed the instant motion for payment of the remaining $15,172.98 in attorney fees pursuant to 42 U.S.C. § 406(b).  [Doc. 14].  The Commissioner does not oppose the requested relief, but asks that the Court tailor its ruling to observe agency policy concerning the order of payment from available funds.  [Doc. 16].

### Law and Analysis

A successful attorney in a Social Security disability case may be awarded fees under two distinct statutes, the EAJA and the Social Security Act ("Act").  However, the attorney is usually required to refund the lesser fee to the claimant.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

The EAJA provides,

> a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded…to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States…

28 U.S.C. § 2412(b).

To recover EAJA fees, the claimant must be a prevailing party, the claimant must incur attorneys' fees, the government's position must not have been substantially justified, and special circumstances must not render an award unjust.  *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)).

Bertrand now seeks an award of attorney fees under the Act, which provides for "a reasonable fee" to be paid to an attorney who represents a claimant before a court and obtains a favorable judgment.  42 U.S.C. § 402(b)(1)(A).  The Act further specifies that such award is limited to an amount representing 25% of the past-due benefits award obtained by the

attorney's representation.  An award made pursuant to Section 406(b) is paid from the claimant's recovered benefit.

Section 406(a) permits a similar award of attorneys' fees for successful efforts of an attorney representing a claimant in an administrative proceeding.  42 U.S.C. § 406(a).  The Notice of Award indicates that attorney fees in the amount of $9,200.00 were paid pursuant to Section 406(a).  [Doc. 14-2 at p. 4].

The instant motion seeks an award of $15,172.97, which this Court observes represents the difference between the statutory cap based on 25% of the total benefits awarded and the § 406(a) attorneys' fee award ($97,491.90 x .25 = $24,372.98 - $9,200.00 = $15,172.98).  This Court notes that the Commissioner does not object to the amount of the § 406(b) award sought.  [Rec. Doc. 16].

In support of the instant motion, Becker filed a copy of the Fee Agreement for Services Before the Social Security Administration executed by Bertrand and an Affidavit of Work Performed by Counsel for Martha Bertrand and Itemization of Expenses and Costs detailing the work done on the case.  [Docs. 14-3, 14-4].  Becker urges this Court to grant its motion based on the result obtained and the fact that the contingent fee agreement limits recovery to 25% of the benefits awarded, in keeping with the Act.  Contingent fee agreements within the statutory cap are not displaced by the statute but must be evaluated for reasonableness. *Gisbrecht*, 535 U.S. at 897; *Jeter v. Astrue*, 622 F.3d 371 (5th Cir. 2010).

Application of the lodestar method (hours reasonably spent on the case times reasonable hourly rate) to calculate fees under § 406(b) was expressly rejected by the United States Supreme Court, but a claimant's attorney may be required to submit a record of hours spent representing the claimant and a statement of the attorney's normal hourly billing charge for non-contingent-fee cases to aid the court's evaluation of the reasonableness of the fee yielded by the fee arrangement.  *Gisbrecht*, 535 U.S. at 808.  A downward adjustment is

permitted to prevent a "windfall" for an attorney where the benefits resulting from the contingency fee are large in comparison to the time spent on the case. (*Id.*). The Fifth Circuit has not provided an exhaustive list of factors to be considered in awarding attorneys' fees under Section 406(b), but has noted that relevant factors include "risk of loss in the representation, experience of the attorney, percentage of past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d at 381-82.

As referenced above, Becker submitted an itemized log of work done on this case. [Doc. 14-4]. She asserts that she spent a total of 40.4 hours working on Bertrand's case. Becker also submitted an executed contingent fee arrangement which contemplates attorneys' fees in the amount of 25% of the benefits recovered. [Doc. 14-3].

Considering the record in this matter, the undersigned finds the requested award justified in this case. Becker's effort resulted in reversal of an adverse ruling by the Commissioner and a considerable award of disability benefits. Moreover, the fact that Bertrand was not initially successful at the administrative level underscores the difficulty of the issues Becker was required to address. Becker's representation was competent and appropriate for the scope of the case. To the extent that the prorated per hour fee constitutes a "windfall," this Court finds the requested fee award justified by the record. Accordingly, the requested $15,172.98 fee award should be approved.

Accordingly, it is hereby

**ORDERED** that the MOTION FOR APPROVAL OF ATTORNEYS' FEES PURSUANT TO 42 U.S.C.A. § 406(B) [Doc. 14] is **GRANTED**, and this Court awards attorneys' fees to Jacqueline K. Becker, counsel for Claimant Martha Bertrand, in the amount of $15,172.98, to be paid from the past-due benefits held by the Commissioner according to the applicable agency policy. As explained above, this award constitutes the fee withheld from Bertrand's award

of benefits according to a contingent fee arrangement approved by the Commissioner, minus attorney fees in the amount of $9,200.00 already paid to Counsel pursuant to 28 U.S.C. § 406(a).

      **SO ORDERED** at Lafayette, Louisiana this 8th day of July, 2026.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

5